## Chapman *versus* Calder.

In actions of trespass *quare clausum fregit*, the forty shillings prescribed as the minimum of damages, which will entitle a plaintiff to full costs, is to be reckoned in Pennsylvania currency, and not in sterling money.

ERROR to the Common Pleas of *Wayne county*.

This was an action of trespass *quare clausum fregit*, by Chapman against Alexander Calder and James Calder, for breaking and entering the close of Chapman, and treading down and spoiling the grass and corn, and for breaking and carrying away the fences. Defendants severally plead not guilty.  Verdict for plaintiff for $8.76.  Feb. 22, 1848, court grant a rule to show cause why judgment should not be entered for $8.76 with the same amount of costs.  Rule made absolute.

It was assigned for error, that the court erred in entering judgment for $8.76, with the same amount of costs only; judgment should have been entered for $8.76, with full costs.

*Dimmick*, for plaintiff in error, submitted that—The amount necessary to give full costs in this State, is forty shillings Pennsylvania currency, equal to $5.33⅓, and not forty shillings sterling, as in England, although the statute was passed with reference to sterling money.  *Brightly on Costs*, 22; 2 *Pa. Rep.* 137; 2 *Pa. Prac.* 22; 22 and 23 *Charles* 2, ch. 9, passed in 1670; 4 *Ser. & R.* 419.  That the defendant in the evidence justified the trespass, setting up that there was a public highway through and over the close in which the trespass was committed.

*Mallery*, for defendant.—The title of the land did not come into question.  No certificate of the judge to that effect.  There was no proof as to rails being carried away.  That was merely a formal part of the declaration.  The statute applies to actions of trespass *quare clausum fregit ; Sayer's Law of Costs*, from page 32 to 52.  That the amount of the verdict which will carry costs is to be determined by the standard fixed at the time the statute was passed; that by adopting the statute, the standard to determine the amount of costs is to be the same here as in England.

The opinion of the court was delivered by COULTER, J.—Whether the forty shillings prescribed as the

[Chapman *v.* Calder.]

minimum amount of damages which will entitle a plaintiff to re-
cover full costs in an action of trespass *quare clausum fregit* is to
be reckoned in sterling money or in Pennsylvania currency, is,
in this State, essentially a question to be ruled by the practice of
our courts.   In this point of view, the authority of *Brightly on
Costs,* cited by the plaintiff in error, is of some weight; for although
his opinion, or that of any other recent writer, upon a question of
principle, unless supported by authority, would not have much
weight, yet, as to a settled practice, it may weigh much.   Mr.
Brightly is a respectable lawyer, an inquiring and assiduous anno-
tator, and no doubt, before adopting the opinion expressed in his
book, had made diligent inquiry among the profession.   We are
disposed to regard it favorably, because it accords with our own ex-
perience, and is in unison with what we think has been the general
practice of the State; and that is, that forty shillings, Pennsyl-
vania currency, has been and is the uniform standard of value on
the subject.   If any adjudicated cases, either in manuscript or
printed, had been produced, it would have made us pause.

It is probable, but I have not the opportunity at hand to ex-
amine, that a regulation was made by the Provincial Governor and
Council on the subject of the value of pounds, shillings, and pence,
at an early period.   Statutes were enacted directly after the Revo-
lution, fixing salaries of officers in pounds and shillings, which were
always paid in the Pennsylvania currency.   And so penalties were
inflicted by statute, at an early period, in pounds, which were al-
ways paid according to the Pennsylvania standard.   The English
statute fixed forty shillings, to wit, the 22d and 23d statute of
Charles the Second, chap. 9.   And so far as the amount of costs
in trespass was regulated, that statute was adopted here.   But it
was adopted, of course, according to our own habits of business
and customs.   The question then was the value of a shilling.   Our
courts adopted the value of our own shilling.   There was nothing
contrary to the statutory rule in this.   It was adopted by us ac-
cording to this value of the shilling, as being the most convenient
in practice, and suited to the knowledge of our jurors and courts.
I think no practitioner ever heard a court charge a jury that the
rule as to costs was forty shillings *sterling* money, and then tell
them how much an English shilling sterling was in our own cur-
rency.   The rule, adopting forty shillings of our own money,
is more consistent with our independence, our nationality, and
the habits of our people, and was therefore always commended
to our adoption.

By the act of 22d March, 1814, the jurisdiction of aldermen
and justices of the peace is extended to $100, in actions of tres-
pass *quare clausum fregit,* and the rule as to costs is, that if the
plaintiff recovers over one dollar, he recovers costs, and either
party has the right to appeal when the damages exceed forty shil-

[Chapman *v.* Calder.]

lings, $5.33⅓. And the act of 13th Feb. 1816, enacts, that in actions of trespass for injury done to real estate, when the same is referred according to law, the arbitrators, if they find damages, may find who shall pay the costs, or divide them. And by the act of 1814, the proceedings in court are to be according to the rules established in the amended and consolidated one hundred dollar act, so that if the plaintiff finally recovered over one dollar, he would recover costs. It would seem, therefore, that the legislature did not consider the act of 22 and 23 Charles as extended to this country. It certainly does not apply where the proceeding originated before a justice. And why should the rule be different as to cases in the same forum having original jurisdiction? But we are of opinion that where the statute was adopted in practice, it was adopted with the standard of the Pennsylvania shilling, and not the shilling sterling.

I incline strongly to the opinion, that on this record, as it stands, the plaintiff would be entitled to costs, even admitting that the rule was forty shillings sterling; because the evidence sent up shows that the principal point in controversy was the plaintiff's right to the freehold. There is no certificate of the judge, but he may have considered the rule peremptory.

There is also charged, as part of the trespass, that the defendant took and carried away the rails of the plaintiff. Now, in England it is fully decided that the statute applies only to actions of trespass *quare clausum fregit*, and for assault and battery of the person, because in these actions the judge can readily give the certificate required. But whether the statute applies where a charge of taking personal property is mixed with the injury to real, is a vexed question in the English courts: many decisions exist on both sides. But we put it on the ground of forty shillings Pennsylvania currency being the true rule, so that the practice may be settled.

The judgment as to costs is reversed, and judgment entered here for $8.76 damages, with full costs; and this judgment is directed to be certified and remitted to the Court of Common Pleas of Wayne county, to be carried into execution.